UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. THOMPSON, et al.,<br><br>Defendants. | No. 2:17-cv-1262-EFB P<br><br>ORDER GRANTING IFP AND FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing two complaints, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Screening Order**

The court has reviewed plaintiff's complaints (ECF Nos. 1 & 9) pursuant to § 1915A and finds they must be dismissed without leave to amend. Plaintiff claims that the judge presiding

/////

/////

2

over his criminal proceedings erred in denying plaintiff's *Marsden*[1] motion and that his court appointed attorney provided ineffective assistance of counsel and failed to return to all of plaintiff's paperwork following the conclusion of his cases. Plaintiff also claims his attorney violated his right to confidential communications by conversing with him in the presence of jail personnel. He seeks damages for violations of his Sixth Amendment rights and his resulting "mental struggle." ECF No. 1 at 6.

Plaintiff may not pursue a claim against the defendant judge based upon the judge's rulings and other acts taken in his judicial capacity. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (judges are also absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts).

Plaintiff's court appointed attorney also cannot be sued under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because plaintiff's claims are based on his defendant attorney's allegedly poor representation of plaintiff in a criminal case, defendant was not acting under color of state law, and plaintiff cannot bring a claim for damages against him pursuant to § 1983. Furthermore, any potential claim for legal malpractice regarding a breach of the duty of confidentiality or otherwise, does not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

/////

---

[1] *People v. Marsden*, 2 Cal. 3d 118 (1970) (holding it was error for trial court to deny a defendant's motion to relieve his court-appointed attorney without holding a hearing to allow the defendant to explain its grounds).

3

For these reasons, plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 4 & 7) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Colusa County Sheriff filed concurrently herewith.
3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4